Case 2:09-cr-00068-VAP   Document 13   Filed 01/23/09   Page 1 of 8   Page ID #:85

FILED 2009 JAN 23 PM 4:43
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2008 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>       v.<br><br>HAROUT HAGOP SARAFIAN,<br>  aka "Harry,"<br>  aka "Calitoons," and<br>WOODROW TRACY,<br>  aka "Woody,"<br><br>         Defendants. | CR No. 09 CR-09 00068<br><br>I N D I C T M E N T<br><br>[18 U.S.C. §§ 2252A(a)(5)(B),<br>(b)(2): Conspiracy to Possess<br>Child Pornography; 18 U.S.C.<br>§ 2252A(a)(2)(A): Distribution<br>of Child Pornography; 18 U.S.C.<br>§ 2252A(a)(2)(A): Receipt of<br>Child Pornography; 18 U.S.C.<br>§ 2252A(a)(5)(B): Possession of<br>Child Pornography] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. 2252A(a)(5)(B), (b)(2)]

A. OBJECT OF THE CONSPIRACY

Beginning on a date unknown and continuing to on or about January 14, 2009, in Los Angeles County, within the Central District of California, and elsewhere, defendants HAROUT HAGOP SARAFIAN, also known as ("aka") "Harry," aka "calitoons" ("SARAFIAN"), WOODROW TRACY, aka "Woody" ("TRACY"), and



others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally possess child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

B.  **MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED**

The object of the conspiracy was to be accomplished in substance as follows:

1. Defendant SARAFIAN would obtain child pornography and share it with defendant TRACY.

2. Defendant TRACY would obtain child pornography and share it with defendant SARAFIAN.

C.  **OVERT ACTS**

In furtherance of the conspiracy and to accomplish the object of the conspiracy, defendants SARAFIAN, TRACY, and others known and unknown to the Grand Jury, committed various overt acts on or about the following dates, within the Central District of California, including but not limited to the following:

1. On or about September 20, 2005, defendant SARAFIAN sent an email to defendant TRACY containing child pornography.

2. On or about June 12, 2006, defendant SARAFIAN sent an email to defendant TRACY containing child pornography.

3. On or about October 14, 2006, defendant SARAFIAN sent two emails to defendant TRACY containing child pornography.

4. On or about December 14, 2007, defendant TRACY sent an email to defendant SARAFIAN that referred to a posting he saw on an Internet site known to law enforcement to contain child

pornography.

5. On or about June 11, 2008, defendant TRACY sent an email to defendant SARAFIAN that referred to an Internet site known to law enforcement to contain child pornography.

6. On or before August 30, 2008, defendant SARAFIAN obtained child pornography from the Internet and from emails from unindicted co-conspirators and saved the child pornography onto his computer.

7. Between in or about August 2008 and January 2009, defendants SARAFIAN and TRACY shared child pornography by attaching defendant TRACY's Seagate Free Agent Pro hard drive to defendant SARAFIAN's computer, allowing them to directly exchange child pornography files.

8. On or about December 14, 2008, defendant TRACY sent an email to defendant SARAFIAN, asking SARAFIAN to pass a message to an unindicted co-conspirator that advised the unindicted co-conspirator that an Internet site known to law enforcement to contain child pornography was moving.

## COUNT TWO

[18 U.S.C. § 2252A(a)(2)(A)]

On or about approximately October 2, 2008, within the Central District of California, and elsewhere, defendant HAROUT HAGOP SARAFIAN, also known as ("aka") "Harry," aka "calitoons," knowingly distributed child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, and that had been produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

## COUNT THREE

[18 U.S.C. § 2252A(a)(5)(B)]

On or about January 14, 2009, in Los Angeles County, within the Central District of California, defendant HAROUT HAGOP SARAFIAN, also known as ("aka") "Harry," aka "calitoons," knowingly possessed at least one image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been mailed, shipped, and transported using any means or facility of interstate and foreign commerce and in and affecting interstate or foreign commerce by any means, including by computer, and that had been produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

## COUNT FOUR

[18 U.S.C. § 2252A(a)(2)]

Between approximately September 2005 and approximately January 14, 2009, in Los Angeles County, within the Central District of California, and elsewhere, defendant WOODROW TRACY, also known as "Woody," knowingly received, onto a Seagate Free Agent Pro external hard drive, 1TB capacity, serial number 9QJ05VIN, child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been mailed, shipped and transported in interstate and foreign commerce by any means, including by computer, and that had been produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

## COUNT FIVE

[18 U.S.C. § 2252A(a)(5)(B)]

On or about January 14, 2009, in Los Angeles County, within the Central District of California, defendant WOODROW TRACY, also known as "Woody," knowingly possessed, on a Maxtor hard drive, 30GB capacity, serial number E106TZ6E, at least one image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been mailed, shipped, and transported using any means or facility of interstate and foreign commerce and in or affecting interstate or foreign commerce by any means, including by computer, and that had been produced using materials that had been mailed, shipped, and transported in

//

//

//

or affecting interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

A TRUE BILL

/S/
_____
Foreperson

THOMAS P. O'BRIEN
United States Attorney

*[signature]*

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division


ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Violent and Organized Crime Section


JOEY L. BLANCH
Assistant United States Attorney
Violent and Organized Crime Section