LAW OFFICE OF CURTIS V. LEFTWICH
California Bar No. 71630
4181 Sunswept Drive, Suite 100
Studio City, CA 91604
Tel: (213) 893-7500
Fax: (213) 489-4700
Email: thedorsal@aol.com

Attorney for Defendant
JOSHUA RICHARD BORAS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.  CR 09-0068-VAP |
| Plaintiff, ) | |
| v. ) | DEFENDANT JOSHUA RICHARD BORAS´ SENTENCING POSITION MEMORANDUM |
| JOSHUA RICHARD BORAS, ) | |
| Defendant. ) | Sentencing:   January 23, 2012 |
| ) | Time:          9:00 AM |

Defendant Joshua Richard Boras, through his counsel of record, hereby files her

sentencing position memorandum.

The defense's sentencing position is based upon the attached memorandum of points and

authorities, the files and records pertaining to this matter, the Presentence Investigation  Report

(PSR) and Recommendation Letter prepared by the United States Probation Office,  and  any

evidence and/or argument presented at the time this matter is heard.


DATED:    January 5, 2012          /s/ Curtis V. Leftwich
                                   CURTIS V. LEFTWICH, ESQ.
                                   Attorney for Defendant
                                   JOSHUA RICHARD BORAS

**DEFENDANT JOSHUA RICHARD BORAS' SENTENCING POSITION MEMORANDUM**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I

### INTRODUCTION

Defendant Joshua Richard Boras is before the Court for sentencing after pleading guilty to Count 1 of the Second Superseding Indictment, which charges him with violating 18 U.S.C. Section 2252A(g): Child Exploitation Enterprise and 2) the Supplemental Information which charges him with violating 18 U.S.C. Section 2251(a): Production of Child Pornography.

Based on the sentencing parameters set forth in the plea agreement and factors set forth in 18 U.S.C. Section 3553(a) et. seq., the defense recommends defendant Boras be incarcerated for twenty years.

### II.

### CASE BACKGROUND

**A.  THE UNDERLYING OFFENSE**

Defendant Joshua Richard Boras was a member of Lost Boy.  Lost Boy was an internet-based, members-only bulletin board.  The purpose of Lost Boy was to provide a forum for the showing of child pornography.  Defendant Boras posted and received images of child pornography.

**B.  PROCEDURAL HISTORY**

1.  On August 14, 2009, defendant Boras was arrested in the Eastern District of Michigan pursuant to an arrest warrant in the present matter.  He was transferred to the Central District of California.  He has been in federal custody since August 14, 2009.

2.  Defendant Boras entered into a written plea agreement, and on December 16, 2010, he pleaded guilty to count 1 of the Second Superseding Indictment and to the Supplemental Information.

3.  The sentencing hearing is set for January 23, 2012.

4.  The written plea agreement provides, in relevant part, as follows:

| | | | |
|---|---|---|---|
| 1. | Base Offense Level:<br>(U.S.S.G. 2G2.2(a)(2)) | | 22 |
| 2. | Specific Offense Characteristics | | |
| | a. Age of victim under 12<br>(U.S.S.G. 2G2.2(b)(2)) | | +2 |
| | b. Distribution for receipt of a<br>thing of value (pictures)<br>(U.S.S.G. 2G2.2(b)(3)) | | +5 |
| | c. Material that portrays sadistic<br>or masochistic conduct<br>(U.S.S.G. 2G2.2(b)(4)) | | +4 |
| | d. Pattern of activity involving the sexual<br>abuse/exploitation of a minor<br>(U.S.S.G. 2G2.2(b)(5)) | | +5 |
| | e. Use of a computer<br>(U.S.S.G. 2G2.2(b)(6) | | +2 |
| | f. Greater than 600 images<br>(U.S.S.G. 2G2.2(b)(7)) | | +5 |
| 3. | Acceptance of Responsibility | | -3 |
| | **TOTAL OFFENSE LEVEL** | | 42 |

5.   The Government and defense agreed to a statement of facts which included specific acts of sexual contact with children, including victim N.H.

6.   Based upon 18 U.S.C. Section 3553(a) factors, the Government and defense agreed that the appropriate sentence in this case is between 20 to 25 years incarceration, followed by a lifetime term of supervised release.

## III

## FACTUAL CORRECTIONS

1.   Paragraph 95 on page 15 of the PSR states that defendant Boras and his father are estranged.  This is inaccurate.  Defendant's father has written a letter of support and his letter is attached as Exhibit A.  In that letter Mr. Beliveau mentions that he and his son were estranged for a number of years; however three years ago they renewed their relationship.  As the Court will

read, it is clear that the defendant's father is intensely pained by his son's situation but continues to love and support him.

2.        Paragraph 95 on page 15 of the PSR states that defendant Boras' mother is retired. This is inaccurate.  Ms. Boras is not retired but continues to be a factory worker.

3.        Paragraph 98 on page 16 of the PSR states that defendant Boras was molested  by a stranger in a department store at the age of 5.  The complete story is that the person not only exposed himself to Mr. Boras when the defendant was 5, but then forced Mr. Boras to touch the man's penis.


## IV.

## APPLICABLE SENTENCING LAW

### A.  THE SENTENCING GUIDELINES AFTER BOOKER

The Sentencing Guidelines are not mandatory and are advisory only.  United States v. Booker, 543 U.S. 220, (2005);  Gall v.United States, 128 S. Ct. 586 (2007);  Kimbrough v. United States, 128 S.Ct. 558 (2007);  and United States v. Carty, 520 F.3d 984 (9th Cir. 2008).

The Guidelines are not only not mandatory on sentencing courts, they are also not to be presumed reasonable.  Gall v. United States, 128 S. Ct. 586 (2007); ;  Kimbrough v. United States, 128 S.Ct. 558 (2007);  and United States v. Carty,  520 F.3d 984 (9th Cir. 2008).

In  Gall v. United States, supra, the defendant pleaded guilty to distributing ecstasy as part of an ongoing drug conspiracy.  The Guidelines provided for a sentence of 30 to 37 months.  The presentence report recommended a sentence of 30 to 37 months imprisonment.  At the conclusion of the sentencing hearing, the District Court sentenced defendant Gall to probation. The Eighth Circuit reversed on the ground that a sentence outside the Federal Sentencing Guidelines range must be supported by extraordinary circumstances.  The United States Supreme Court reversed the Eighth Circuit Court of Appeals holding that the Guidelines are only advisory and although they are the initial benchmark, they are not presumptively reasonable.  The court in Gall states:

A district court should begin by correctly calculating the applicable Guideline range. The Guidelines are the starting point and initial benchmark but are not the only consideration. After permitting both parties to argue for a particular sentence, the judge should consider all of the 18 U.S.C. section 3553(a)'s factors to determine whether they support either party's proposal. He may not presume that the Guideline range is reasonable but must make an individualized assessment based on the facts presented. If he decides on an outside-the Guidelines sentence, he must consider the extent of the deviation and insure that the justification is sufficiently compelling to support the sentence to allow for meaningful appellate review and to promote the perception fair sentencing..."

In <u>Kimbrough v. United States</u>, <u>supra</u>, the United States Supreme Court held that a sentence outside the Guidelines range is not *per se* unreasonable. In <u>Kimbrough</u>, the defendant pleaded guilty to four counts of conspiracy involving the distribution and sales of more than 50 grams of crack cocaine. Under the relevant statutes, Kimbrough's plea subjected him to a minimum sentence of 15 years and a maximum of life. The applicable advisory Guideline range was 228-270 months or 19 to 22 and one half years. The district court found, however, that a sentence in this range would have been greater than necessary to accomplish the purpose of sentencing set forth in 18 U.S.C. 3553 (a). The Fourth Circuit vacated the sentence, finding that a sentence outside the Guidelines range is *per se* unreasonable. The United States Supreme Court reversed the Fourth Circuit and upheld the district court's sentence finding that a sentence outside the Guidelines range is reasonable when the court initially considers the advisory Guidelines range and then considers the relevant 3553 factors as they apply to the individual defendant before the court.

In <u>United States v. Carty</u>, <u>supra</u>, the Ninth Circuit provided a detailed framework for federal sentencing. The sentencing district court begins by determining the applicable Guidelines range and this serves as a starting point. The district court must then ensure that the parties have an opportunity to argue for the sentence they believe is appropriate. The sentencing court then considers 18 U.S.C. 3553(a) in conjunction with these arguments. The district court is not to presume that a Guidelines sentence is reasonable and is not to give the Guidelines more or less

**DEFENDANT JOSHUA RICHARD BORAS' SENTENCING POSITION MEMORANDUM**

5

weight than section 3553(a) factors.  Finally, the sentencing must be an "individualized"

determination.  <u>United States v. Carty</u>, <u>supra</u> at pages 991 through 992.

**B.  INDIVIDUALIZED SENTENCING AND CONSIDERATION OF SECTION   **

 **3553(A) FACTORS**

With respect to sentencing, a judge in the exercise of his or her discretion may consider

information about a defendant's past, life, health, habits, conduct and mental and moral

propensities.  The selection of the most appropriate sentence is best served by the fullest

information possible concerning defendant's life and characteristics.  See 18 U.S.C. Section

3553;  <u>Koon v. United States</u>, 518 U.S. 81 (1996);  <u>Gall v. United States</u>, 128 S. Ct. 586 (2007),

<u>Kimbrough v. United States</u>, 128 S.Ct. 558 (2007); <u>United States v. Carty</u>, 520 F.3d 984 (9th Cir.

2008).

Pursuant to 18 U.S.C. section 3553(a), factors to be considered in imposing a sentence

include:

1.  The need for the sentence imposed—

a.  To reflect the seriousness of the offense; to promote respect for the

law; and to provide justice;

b.  To afford adequate deterrence to criminal conduct;

c.  To protect the public from further crimes of the defendant;

d.  To provide the defendant with needed educational or vocational

training, medical care, or other correctional treatment in the most effective

manner.

2.  The kinds of sentences available;

3.  The guideline sentencing range;

4.  Any pertinent policy statements issued by the Sentencing Commission;

5.  The need to avoid unwarranted sentence disparities among defendants

with similar records who have been found guilty of similar conduct; and

6.  The need to provide restitution to any victim of the offense.

**DEFENDANT JOSHUA RICHARD BORAS' SENTENCING POSITION MEMORANDUM**

2:09-cr-00068-VAP   Document 694   Filed 01/05/12   Page 7 of 7   Page ID #:5389

1  In view of 3553(A) factors and individualized sentencing, the defense recommends a

2  sentence of 20 years incarceration rather than the 24 years and 4 months recommended by the

3  Government.

4  Defendant Boras is 34 years old.  He is intelligent, articulate, insightful, reflective and

5  remorseful.  His prior contact with the criminal justice system is minor.  Mr. Boras knows what

6  he has done is as wrong as wrong can be and is morally reprehensible.  His father, in his letter to

7  the Court emphasizes the depth of his son's remorse.  Unlike many others involved with child

8  pornography, Mr. Boras wants to be helped;  he wants to be cured of his obsession with boys.  He

9  has also made himself available for an interview by agents of a special unit of the FBI who are

10  trying to understand more about individuals who involve themselves in child pornography and

11  exploitation of children.  Mr. Boras did not have to make himself available for this interview.

12  The fact that he did underscores his desire to be part of society's efforts to eradicate this tragic

13  problem.

14  Mr. Boras knows his actions warrant serious punishment.  He respectfully asks that this

15  Court sentence him to twenty years.  He also asks that he be designated to a correctional facility

16  which offers programs that will help him conquer his demons and assure that he is not a danger

17  to anyone, especially minor children, in the future.

18

19                                                        Respectfully Submitted,

20                                                        /s/ Curtis V. Leftwich
                                                         CURTIS V. LEFTWICH, ESQ.
21                                                        Attorney for Defendant
                                                         JOSHUA RICHARD BORAS
22

23

24

25

26

27

28